```
              IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA      )   CRIM. NO. 18-00136 SOM
                              )
          Plaintiff-          )   ORDER DENYING REQUEST TO APPLY
          Respondent,         )   "OVER-SERVED TIME CREDIT" TO
                              )   SUPERVISED RELEASE TERM
     vs.                      )
                              )
RICHARD CUI,                  )
                              )
          Defendant-          )
          Petitioner.         )
_____ )
```

**ORDER DENYING REQUEST TO APPLY
"OVER-SERVED TIME CREDIT" TO SUPERVISED RELEASE TERM**

**I.      INTRODUCTION.**

Defendant Richard Cui has had four supervised release revocations. He argues that the extra time he served while awaiting the adjudication of his second supervised release revocation proceeding should not have been saved to satisfy any future prison term arising out of a future revocation proceeding but should have been applied to shorten his supervised release term in 2021. Cui argues that, had it been so applied, his second supervised release term would have ended before he violated the terms of his supervised release for the third and fourth times. Thus, he argues, the court should now void those third and fourth revocation judgments. The court determines that Cui properly received credit for each extra day that he served in connection with his second revocation proceeding. Accordingly, the court denies the motion.

**II.      BACKGROUND.**

On May 15, 2019, the court sentenced Cui to 21 months of imprisonment, 3 years of supervised release, restitution of $5,571.60, and a $100 special assessment arising out of his conviction for having committed theft of mail in violation of 18 U.S.C. § 1708.  *See* Judgment in a Criminal Case, ECF No. 37.  Cui had been detained since his arrest on September 2, 2018.  *See* Presentence Investigation Report, ECF No. 35, PageID # 175 (indicating detention status).  No appeal was taken.

Upon Cui's release from prison for the mail theft crime, he began his term of supervised release.  On July 9, 2020, the court determined that Cui had violated the terms of that supervised release, revoked supervised release, and sentenced him to 10 months of imprisonment and another 26 months of supervised release.  *See* ECF Nos. 46-47.  No appeal was taken.

After Cui finished his sentence of imprisonment for his first revocation, he began his 26-month term of supervised release.  In June 2024, the court issued a warrant for Cui's arrest in connection with further alleged supervised release violations.  On December 3, 2021, the court determined that Cui had again violated the terms of his supervised release, revoked supervised release, and sentenced him to 18 days of imprisonment and 25 months of supervised release.  *See* ECF Nos. 58-59.  Cui

2

did not appeal with respect to this second supervised release revocation.

Cui received 115 days of jail credit for the time he had been in custody from August 10, 2021, until the time of his sentencing on December 3, 2021, with respect to the second revocation. *See* Independent Sentence Computation, ECF No. 85-1, PageID # 418. The Designation and Sentence Computation Center received the second revocation judgment 3 days later, on December 6, 2021. *See id.*

On December 7, 2021, the Federal Bureau of Prisons sent the United States Probation Office a notice that Cui had an "over-served time credit" of 101 days (taking into account the 18-day prison sentence imposed on his second revocation) and said that the "over-served time credit of 101 days should be applied to any future computation for a Supervised Release Violation or if already not applied to another sentence pursuant to 18 U.S.C. [§] 3585(b)." ECF No. 85-1, PageID # 420. Section 3585(b) states:

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the

3

>           commission of the offense for which the
>           sentence was imposed;
>
>           that has not been credited against another
>           sentence.

18 U.S.C. § 3585.

Cui does not claim to have argued in 2021 that the 101 days of extra time served should have been applied first to the 18-day prison sentence and then to the 25 months of supervised release. No appeal was taken from the second revocation judgment.

In November 2023, the court determined that Cui had violated the terms of his supervised release for a third time, revoked supervised release, and sentenced Cui to 3 months of imprisonment and 22 months of supervised release. *See* ECF No. 69 and 70. Cui then had 92 of the 101 days of credit applied to satisfy the 3-month prison term. *See* ECF No. 85-1, PageID #s 434-35. No appeal was taken from the third revocation judgment.

In February 2024, the court determined that Cui had violated the terms of his supervised release for a fourth time, revoked supervised release, and sentenced him to 7 months of imprisonment and 15 months of supervised release. *See* ECF No. 80-81. The remainder of the "over-served time credit" was applied to partially satisfy this 7-month term of imprisonment.

4

*See* ECF No. 85-1, PageID # 454.  Cui has now received credit for each day that he previously "over served" his prison term.

Cui is currently incarcerated at FDC Honolulu, serving the remainder of his fourth revocation sentence.  He has an anticipated release date of August 22, 2024.  *See* https://www.bop.gov/inmateloc/ (input Register No. 10788-122) (last visited June 13, 2024).

**III.    ANALYSIS.**

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 "to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (noting that a prisoner may "challenge the manner, location, or conditions of a sentence's execution" under § 2241).  A decision or action by the Bureau of Prisons affecting the length of a prison sentence therefore may be challenged under § 2241.  *See Schleining v. Thomas*, 642 F.3d 1242 (9th Cir. 2011) (reviewing calculation of a prisoner's release date based on good time credits under § 2241).  The court deems Cui's challenge relating to how credit has been applied to the extra time he served as brought under § 2241, given his apparent argument that his should be released from illegal custody.

Cui argues that, rather than reserving the "over-served time credit" for future terms of incarceration with respect to

his third and fourth violations of the terms of his supervised release, the balance of the 101 days should have been applied to the 25-month term of supervised release imposed with respect to his second supervised release revocation. Had that happened, Cui says, his supervised release term would have ended in September 2023, rather than in January 2024. He argues that he would then not have faced his third revocation in late 2023 or his fourth revocation in 2024, because his supervised release term would have been completed by the time of the violations on which those revocations were based.

Cui does not cite any authority indicating that this court should ignore § 3585(b) and should instead apply any "over-served time credit" to his second supervised release term *nunc pro tunc*. While this court has some discretion with respect to ending a supervised release term early, Cui is asking this court to reduce a term that ended in 2021. Cui did not appeal the 25-month supervised release term in 2021. Pursuant to § 3585(b), credit has already been properly applied to actual days of imprisonment. The court denies Cui's untimely request that this court in effect retroactively vacate the third and fourth revocation sentences and apply prison credit against the second supervised release term that was revoked in 2021.

6

**IV.     CONCLUSION.**

Cui's motion to apply his "over-served time credit" to his second term of supervised release is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 14, 2024.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

United States v. Cui, Crim. No. 18-00136 SOM; ORDER DENYING REQUEST TO APPLY "OVER-SERVED TIME CREDIT" TO SUPERVISED RELEASE TERM